Michael TAYLOR, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART
Defendant–Appellee.

No. 04–1624–CV.

United States Court of Appeals,
Second Circuit.

Dec. 6, 2004.

Robert Grey, Grey and Grey, LLP, Farmingdale, NY., for Plaintiff–Appellant.

Laura D. Mantell, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson

and Kathleen A. Mahoney, on the brief), for Defendant–Appellee.

PRESENT: OAKES, CALABRESI, and STRAUB Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Michael Taylor ("Taylor") seeks Social Security benefits on the basis of an alleged disability. Taylor, who previously worked as an escort messenger and a cashier for the New York Health and Hospitals Corporation, suffered, principally, a back injury in 1997. He has not worked since that time, claiming that he is disabled from doing so. Having filed for Social Security benefits in October 1998, and having been denied such benefits by the Defendant–Appellant ("the Commissioner") following two administrative hearings before an Administrative Law Judge ("ALJ"), Taylor brought the instant action for review of that denial. The district court affirmed the ALJ's determination that Taylor was able to return to his past work as a cashier, and hence that Taylor was not entitled to disability payments.

■ Taylor appeals the judgment of the district court. He argues primarily that, for various reasons, the ALJ's decision was not supported by substantial evidence. In particular, Taylor contends that the ALJ was required by applicable Social Security regulations to give controlling weight to the opinion of Taylor's treating physician, Dr. Hecht, who stated that Taylor was unable to perform even sedentary work. *See* 20 C.F.R. § 404.1527(d)(2) (requiring that controlling weight be given to the opinion of a claimant's treating physician if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and ... not inconsistent with the other substantial evidence in [the] case record"). Alternately, Taylor argues that the ALJ failed, in his findings as to the extent of Taylor's disability, to give *any* reasons for the weight that *was* given to the opinion of Dr. Hecht. *See id.* (stating that the claimant will "always [be given] good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion").

We agree with Taylor that the ALJ, in determining that Taylor was, contrary to the opinion of Dr. Hecht, able to return to his prior job as a hospital cashier, did not give sufficient reasons explaining how, and on the basis of what factors, Dr. Hecht's opinion was weighed. *See Snell v. Apfel,* 177 F.3d 128, 133–34 (2d Cir.1999). Even where a treating physician's opinion is not given controlling weight, the Social Security Administration is obligated to "give more weight to opinions from ... treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of ... medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from ... reports of individual examinations." 20 C.F.R. § 404.1527(d)(2). In this case, in addition to giving no indication as to how the opinion of Dr. Hecht weighed in the ultimate conclusion with respect to Taylor's disability, the ALJ also failed to address the views of several other physicians who had treated Taylor on a consistent basis and whose diagnostic findings arguably buttressed those of Dr. Hecht. Instead, the ALJ's conclusion regarding the extent of Taylor's disability closely tracks the opinion rendered by a non-examining consultative physician, Dr. Buonocore, whose conclusions the ALJ himself remarked were entitled to diminished weight because they were not based upon any review of MRI tests conducted on Taylor's back. *See* Social Security Administration, Office of Hearings and Appeals, Decision,

at 5 (June 8, 2001) ("ALJ Decision") [JA 18]. In the absence of reasons for the near-complete rejection of the opinion of Dr. Hecht, despite some substantiation of it, and the near-complete adoption of the views of Dr. Buonocore, despite their limitations, the ALJ's findings appear to transgress our consistent admonishment that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir.1999). As we recently stated, "[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to the treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart,* 362 F.3d 28, 33 (2d Cir.2004). We believe that in the instant case such a remand is warranted.

■ Another deficiency in the ALJ's opinion that counsels in favor of remand is the lack of substantial evidence supporting the ALJ's conclusion that Taylor's claims of incapacitation were not credible. *See Aponte v. Secretary, Department of Health and Human Services,* 728 F.2d 588, 591 (2d Cir.1984). The ALJ found that Taylor's use of a wheelchair at his hearing was "supported by the record" and was "for the sole purpose of influencing this decision." ALJ Decision, at 5 [JA 18]. Furthermore, the ALJ concluded that "medical records fail[ed] to confirm [Taylor's] allegation of a 20 pound weight loss over the last two years." *Id.* As to the former, however, the ALJ made no mention, in rendering his adverse credibility determination, of Taylor's testimony that he utilized a wheelchair not because he was unable to walk (which Taylor never contended in the hearing), but because it was more comfortable for sitting. Hear-

ing Transcript, at 17 (June 27, 2000 [JA 50]. And as to the latter, while there *was* documentation in the record that Taylor had lost at least fifteen pounds, there was in any case no evidence reflecting Taylor's weight *at the time* of the hearing. To the extent that Taylor's weight-loss claim was unsubstantiated by virtue of lacunae in the record, it was incumbent upon the ALJ to see to it that these gaps were filled by supplemental evidence. *See Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996). And, it would hardly have been difficult to obtain evidentiary verification of Taylor's weight.

The lack of support for the ALJ's credibility assessment is significant not only in itself, *see Donato v. Secretary of the Department of Health and Human Services of the United States,* 721 F.2d 414, 418–19 (2d Cir.1983), but also because it appears that the ALJ's assessment of Taylor's credibility, particularly with respect to reports of back pain, may have substantially affected the weight given by the ALJ to Dr. Hecht's opinion, and hence the ultimate determination of the extent of Taylor's disability. On remand, therefore, the ALJ's assessment of Taylor's credibility should be based on accurate depictions of the representations made by Taylor, and on a full evidentiary record, supplemented by further fact-gathering as needed.

Finally, in light of the deficiencies in the ALJ's findings and the need for remand to set forth with greater clarity the weight given to, among other things, the opinion of Dr. Hecht, we express no opinion at this time as to whether the ALJ's decision not to give *controlling* weight to Dr. Hecht's diagnoses was supported by substantial evidence.

We therefore VACATE the judgment of the district court, and we REMAND the action to the district court with instruc-

142

tions to remand Taylor's claim to the Commissioner.