48

**Miriam TAVAREZ, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,
Defendant–Appellee.**

No. 04–2754–CV.

United States Court of Appeals,
Second Circuit.

March 2, 2005.

Miriam Tavarez, Brooklyn, NY, for Appellant, pro se.

Tracey J. Knuckles, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Kathleen A. Mahoney), Brooklyn, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SOTOMAYOR, Circuit Judges, and CEDARBAUM, District Judge.*

## SUMMARY ORDER

Appellant *pro se* Miriam Tavarez appeals from an order of the United States District Court for the Eastern District of New York (Amon, *J.*), granting the Commissioner's motion for judgment on the pleadings and affirming the decision of the Administrative Law Judge ("ALJ") finding that she was not eligible for Supplemental Security Income ("SSI") benefits. We assume the parties' familiarity with the facts and procedural background of this case. Tavarez challenges the ALJ's findings (1) that she is not disabled because she has the residual functional capacity to perform light work and (2) that her impairment does not prevent her from performing her past relevant work. These findings were based on the ALJ's decision to reject the opinion of Tavarez's treating psychiatrist, Dr. Chiu, in favor of that of the State Agency reviewing psychiatrist, and his de-

termination that Tavarez was not entirely credible. Because both findings were infected with error, we vacate and remand for further proceedings.

When reviewing determinations made by the Social Security Commissioner, this Court conducts a plenary review of the administrative record and considers whether the Commissioner's decision is supported by substantial evidence and the correct application of applicable legal standards. *See Halloran v. Barnhart,* 362 F.3d 28, 31–32 (2d Cir.2004); *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir.1998); *see also* 42 U.S.C. § 405(g).

### 1. Treating Physician Rule

"The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir.1999); 20 C.F.R. § 404.1527(d)(2). An ALJ is required to provide "good reasons" to accord the opinion other than controlling weight. *See Halloran,* 362 F.3d at 32; 20 C.F.R. § 416.927(d)(2). "We do not hesitate to remand when the Commissioner ... do[es] not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran,* 326 F.3d at 33. Moreover, "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa,* 168 F.3d at 79. Instead, the ALJ has an affirmative duty to develop the administrative record, regardless of whether the claimant is proceeding *pro se* or is represented by counsel. *Id.; Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996).

 The ALJ violated these settled principles in rejecting the treating physi-

* The Honorable Miriam Goldman Cederbaum, of the United States District Court for the Southern District of New York, sitting by designation.

cian evidence in this case. First, the ALJ's analysis rested only on a 1996 report of Dr. Chiu describing Tavarez's condition some four years prior to the period of claimed disability. The ALJ made no mention whatsoever of Chiu's November 2001 report or of a December 2000 report of Maria Sesin, a therapist, signed by Dr. Chiu. Both of these reports are far more relevant to the determination of disability during the relevant period and suggest a serious psychological impairment that affects Tavarez's capacity to perform her past relevant work. Because the ALJ failed to weigh the treating physician's opinion reflected in these reports and to give "good reasons" for declining to accord it controlling weight, his decision is neither supported by substantial evidence nor based on proper application of 20 C.F.R. § 416.927(d)(2).

■ Second, the ALJ discounted Dr. Chiu's opinion because he found that it was not based on objective evidence, noting in particular that it did not mention formal testing of cognitive function. "[A] treating physician's failure to include this type of support for the findings in his report does not mean that such support does not exist; he might not have provided this information in the report because he did not know that the ALJ would consider it critical to the disposition of the case." *Rosa*, 168 F.3d at 80 (internal quotations omitted). It is entirely possible that, over the course of five years of weekly treatment by Sesin and monthly treatment by Chiu, these individuals had conducted the type of formal test that the ALJ concluded had not been done. On remand, to the extent the ALJ finds Dr. Chiu's opinion as reflected in the more recent reports deficient in detail, he is obliged to develop the record to determine whether there is objective support for the opinion. *See id.* at 79–80.

## 2. Credibility Determination

■ The ALJ determined that Tavarez was not entirely credible and therefore did not accept her description of symptoms. In concluding that Tavarez was not credible, the ALJ focused on the following putative inconsistences in Tavarez's testimony and the medical records: (1) Tavarez testified that she could not read or write English and understood little English, but the psychiatric interview that took place in August 2000 was conducted in English and she had resided in the United States for twenty-four years; (2) Tavarez told one examiner that she had stopped working because of severe varices in both legs, testified at the hearing that she had been fired because she was not able to lift more than ten pounds, and told another examiner that she could not work due to leg problems; and (3) Tavarez informed Dr. Chiu that she could only take public transportation when accompanied by a friend, but advised another doctor that she had traveled to the appointment by herself using public transportation. These supposed inconsistences are insufficient to support the ALJ's adverse credibility determination.

Tavarez's testimony, through an interpreter, that she did not understand much English and could not read or write in the language was not inconsistent with the medical evidence. The medical report indicating that a single psychiatric examination was conducted in English gave no indication of the extent of Tavarez's English proficiency. It is entirely possible that she was able to communicate the simple information included in this cursory report without being proficient in the language, and the report does not foreclose the possibility that the consulting physician used some Spanish words to facilitate communication. The ALJ's conclusion that "it would seem logical" that Tavarez,

who had only a seventh-grade education in the Dominican Republic, would be literate in English because she has lived in the United States for twenty-four years was purely speculative and utterly lacking in foundation. Additionally, the varied reasons Tavarez provided for her inability to work are not necessarily inconsistent, especially in light of her limited language proficiency. Stating at different points that she stopped working because of leg problems and because she was unable to lift ten pound boxes is not necessarily inconsistent, as her inability to lift the boxes may have been caused by her leg pain. Finally, the fact that Tavarez informed an examiner in 2000 that she had traveled to the appointment without accompaniment is not necessarily inconsistent with her testimony that when she leaves her home, she travels with her son or a friend because she does not like walking alone or the statement in Dr. Chiu's 1996 report that she is able to take a bus or a car service if accompanied by a friend. It is entirely possible that Tavarez is not comfortable traveling alone, but did so on that one occasion because she had no alternative; the ALJ failed to develop the record to determine if there was in fact any inconsistency. These asserted inconsistencies do not provide substantial evidence in support of the ALJ's adverse credibility determination. *See Aponte v. Secretary, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir.1984) (holding that credibility findings must be supported by substantial evidence).

For these reasons, the order of the district court is VACATED and the case REMANDED to the district court with instructions to remand the matter, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with this order. In particular, on remand the ALJ shall consider all of the evidence of record concerning the treating physician's opinion and shall weigh it properly pursuant to 20 C.F.R. § 416.927(d)(2) and consistent with this opinion. To the extent the ALJ discounts Tavarez's testimony regarding the nature and severity of her impairments, he must rely on substantial evidence fully developed in the record.