SUMMARY ORDER
Collin Gates appeals the district court’s dismissal of his action challenging the Commissioner of Social Security’s (“the Commissioner”) denial of Gates’s application for disability insurance and supplemental security income benefits.[2] The Commissioner determined that Gates, although unable to perform his past relevant work as a result of cognitive deficits and an anxiety disorder, retained the residual functional capacity (“RFC”) to perform a significant range of work. See 20 C.F.R. § 404.1520(a)(4)(i)-(v); id § 416.920(a)(4)(i)-(v). On appeal from the dismissal of an action for review, “we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a *48 whole, to support the Commissioner’s decision and if the correct legal standards have been applied.” Burgess v. Astrue, 587 F.3d 117, 128 (2d Cir.2008) (internal quotation marks omitted); see also 42 U.S.C. § 405(g) (stating that Commissioner’s factual findings are conclusive if supported by substantial evidence). In conducting this review, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Gates asserts that the ALJ (1) did not adequately detail the basis for his RFC findings, (2) improperly evaluated Gates’s credibility, (3) did not properly consider medical evidence relevant to the RFC finding, and (4) posed an inaccurate hypothetical to the vocational expert to determine whether Gates could perform a significant range of work.[3] The arguments are without merit.
1. RFC Findings
Gates contends that it is impossible to discern from the record how the ALJ determined that Gates had “the residual functional capacity to perform work at all exertional levels, with the following limitations: he has sufficient attention and concentration to understand, remember and follow simple instructions only; he is limited to low stress work, defined as work involving occasional decision-making; and primarily he must work alone.” In re Collin M. Gates, at 7 (S.S.A. June 21, 2005) (decision of ALJ); see also id. at 9. We disagree.
In his written decision, the ALJ explicitly stated that he based his RFC determination on the following evidence: (1) mental health progress notes from the Clifton Springs Hospital & Clinic indicating that Gates was malingering because he (a) maintained “intelligence, attention span, speech and thought process within normal limits,” (b) had no evidence of long-term memory deficit, (c) performed such activities as reading an almanac, doing word puzzles, watching television, going to doctor appointments, and working out at the “Y” about four times a week; (2) Dr. Rus-sow’s assessment that Gates could perform simple, unskilled tasks; (3) Dr. Zax’s determination that Gates “could follow and understand simple directions and instructions,” and he appeared “to function higher than borderline intellectual functioning”; (4) Gates’s performance of his job as a health club manager; and (5) Gates’s post-high school reading and high school spelling abilities. In re Collin M. Gates, at 6 (S.S.A. June 21, 2005) (decision of ALJ). Thus, the basis for the ALJ’s RFC determination is clearly discernible.
2. Credibility Assessment
Gates contends that the ALJ erred in discrediting his subjective complaints of severe cognitive limitations. “It is the function of the Secretary, not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.” Aponte v. Sec’y, Dep’t of Health & Human Servs. of the United States, 728 F.2d 588, 591 (2d Cir.1984) (alteration in original) (internal quotation marks omitted). “If the Secretary’s findings are supported by substantial evidence, the court must uphold the ALJ’s decision to discount a claimant’s subjective complaints of pain.” Id. (internal citations omitted). The ALJ’s adverse credibility finding in this case was supported by evidence of Gates’s ability to read above a high-school level, perform *49 crossword puzzles, work out at the “Y,” and re-obtain his driver’s license. It was further supported by the ALJ’s personal observation of Gates during the hearing and, specifically, his determination that, despite Gates’s “feigned” attempt to struggle remembering his home address, Gates “was able to demonstrate excellent and quick recall throughout the rest of the hearing.” In re Collin M. Gates, at 4 (S.S.A. June 21, 2005) (decision of ALJ). See Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir.1998) (acknowledging that ALJ may “take account of a claimant’s physical demeanor in weighing the credibility of her testimony as to physical disability”). These record-supported findings furnish substantial evidence for the ALJ’s rejection of Gates’s subjective assessments of his mental limitations.
3. Rejection of Contrary. Medical Evidence
The adverse credibility findings further supported the ALJ’s decision to accord limited weight to doctors’ reports that purportedly substantiated Gates’s disability claim. As the ALJ observed, Dr. Rodic’s assessment was based on an unreliable foundation: Gates’s subjective complaints about his mental limitations. The ALJ further observed that Dr. Rodic’s report was internally inconsistent. While it concluded that Gates, among other limitations, had no useful ability to remember detailed instructions or complete a normal workday on a sustained basis, it also indicated that Gates maintained a satisfactory ability “to exercise appropriate judgment.” In re Collin M. Gates, at 5 (S.S.A. June 21, 2005) (decision of ALJ). The ALJ similarly identified inconsistencies in Dr. Gaudette’s report, which concluded that Gates was not a candidate for full-time competitive employment at the same time it attributed to Gates “the emotional and cognitive ability to go to college.” Id. at 6. On this record, the Commissioner acted within his discretion in according the doctors’ reports little weight. See Burgess v. Astrue, 537 F.3d at 128 (“[Gjenuine conflicts in the medical evidence are for the Commissioner to resolve.” (internal quotation marks omitted)).
Although Gates contends that the ALJ failed to consider other medical evidence supporting his claim, we are not persuaded. In explaining why he rejected Dr. Rodic’s and Dr. Gaudette’s reports, the ALJ expressly stated that he “considered all medical opinions that were statements from acceptable medical sources, which reflect judgments about the nature and severity of the claimant’s impairments and resulting limitations when assessing his ability to work.” In re Collin M. Gates, at 5 (S.S.A. June 21, 2005) (decision of ALJ). Gates points us to no medical evidence that was different in kind from the rejected doctors’ reports, and no reason to doubt that the ALJ meant what he said about considering all relevant medical evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir.1983) (declining to remand to agency where ALJ stated “that he had considered all of the evidence presented,” and the record clearly indicated why the ALJ implicitly rejected unsubstantiated claims). Accordingly, we reject this challenge as without merit.
4. Determination by Vocational Expert
Because the ALJ's RFC determination was supported by substantial evidence, plaintiffs argument that the ALJ erred in posing a hypothetical to the vocational expert based on that RFC necessarily fails. The hypothetical, like the RFC determination, posited an individual physically capable of “a full range of all work, with no exertional limitations," but with “sufficient attention and concentration to understand, *50 remember and follow [only] simple instructions,” and with the need to work “in a low stress environment.” Hearing Tr. at 24, In re Collin Gates (S.S.A. May 16, 2005).
Having identified no merit in any of Gates’s challenges to the Commissioner’s denial of benefits, we hereby AFFIRM the judgment of dismissal.

. The agency decision under review is the June 21, 2005 decision of the Administrative Law Judge ("ALJ”), which, by means of a December 2, 2005 ruling of the Social Security Administration Appeals Council, became the final decision of the Commissioner. For purposes of our decision, we will use the terms "Commissioner” and "ALJ” interchangeably.

. Because we identify no merit in Gates's arguments, we need not address the Commissioner’s waiver challenge.