10-0613-cv
Tarsia v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand eleven.

Present:
> CHESTER J. STRAUB,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

MARTHA E. TARSIA,

> *Plaintiff-Appellant,*

- v. -                                                                No. 10-613-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,

> *Defendant-Appellee.*[*]

---

| | |
|---|---|
| FOR THE PLAINTIFF-APPELLANT: | JAYA SHURTLIFF (*on the brief*, HOWARD D. OLINSKY), Olinsky & Shurtliff, Syracuse, NY. |
| FOR THE DEFENDANT-APPELLEE: | ANDREEA LECHLEITNER, Special Assistant U.S. Attorney (*on the brief*, STEPHEN P. CONTE, Regional Chief Counsel—Region II, Officer of the |

---

[*] The Clerk of the Court is directed to amend the official caption to conform with the caption above.

General Counsel, Social Security Administration), *for* RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

---

**AFTER ARGUMENT AND UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court for the Northern District of New York is **VACATED** and the case **REMANDED** to the District Court with instructions to remand to the Commissioner of Social Security for reconsideration in light of this order.

---

Plaintiff-Appellant Martha E. Tarsia ("Tarsia") appeals from the December 16, 2009 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) affirming the decision of the Commissioner of Social Security ("Commissioner") denying Tarsia's application for Social Security disability benefits. We assume the parties' familiarity with the facts and procedural history of the case.

In reviewing a district court decision to affirm a determination of the Commissioner of Social Security, the Second Circuit "conduct[s] a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *see also Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999) ("To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." (internal quotation omitted)). Substantial evidence is "more than a mere scintilla." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation omitted). Instead, it "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted).

Under the treating physician rule, an Administrative Law Judge (ALJ) is required to give a treating physician's opinion "controlling weight" if the physician's opinion is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The regulations define "treating source" as the claimant's "own physician, psychologist, or other acceptable medical source who provides [a claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Here, ALJ John R. Tarrant found that the opinion of Dr. Peter LoFaso, Tarsia's treating physician, did not deserve controlling weight because Dr. LoFaso's Functional Capacity Evaluation was not supported by the information in his progress notes. Instead, the ALJ gave substantial weight to the Residual Functional Capacity Assessment of state agency medical consultant Dr. C.R. Manley, finding that "[w]hile his medical opinion is from a non-examining source, it is well-supported by Dr. LoFaso's progress notes." Based largely on Dr. Manley's opinion, the ALJ determined that Tarsia was not disabled.

On appeal, Tarsia argues that the ALJ erred in rejecting Dr. LoFaso's medical opinion in favor of Dr. Manley's. The Commissioner, in turn, argues that the ALJ did not err in this regard, as "[t]he opinions of non-examining sources may even override [a] treating source's opinions provided they are supported by evidence of record." *See Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995).

However, it is not clear that Dr. Manley reviewed all of the evidence in the record in formulating his medical opinion. Specifically, Dr. Manley's Assessment does not indicate whether he saw or considered the evaluation, radiographic, and diagnostic notes of Dr. Thomas Van Gorder, an orthopedist who diagnosed Tarsia with "severe degenerative arthritis of the left knee" and found her to be a candidate for "total knee arthoplasty." Dr. Van Gorder's May 7, 1999 diagnosis and recommendation is relevant to Dr. Manley's Assessment of whether, prior to December 31, 1998, Tarsia had exertional limitations with respect to standing, walking, or

otherwise utilizing lower extremities or postural limitations with respect to climbing, stooping, kneeling or other activities involving the knee. Therefore, Dr. Manley's Assessment of Tarsia's file cannot be deemed complete without review and discussion of Dr. Van Gorder's notes.

Likewise, Dr. Manley's Assessment does not indicate whether he saw or considered Dr. LoFaso's Functional Capacity Evaluation in making his Assessment. In fact, Dr. Manley states that there was no treatment or examining source statement regarding Tarsia's physical capacities in her file, which appears to indicate that he did not have access to the Functional Capacity Evaluation in formulating his opinion.

Because it is unclear whether Dr. Manley reviewed all of Tarsia's relevant medical information, his opinion is not "supported by evidence of record" as required to override the opinion of treating physician Dr. LoFaso. Accordingly, the ALJ erred in placing substantial weight on Dr. Manley's possibly ill-founded opinion and in allowing Dr. Manley's opinion to override that of Dr. LoFaso.

We are also troubled by the ALJ's determination that Tarsia's "allegations regarding her limitations on or prior to December 31, 1998 [were] not totally credible." It is true that "[i]t is the function of the [Commissioner], not the reviewing courts, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (internal quotation marks and alterations omitted). It is also true that we show "special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor." *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994). However, in the instant case, the ALJ did not explain why he found Tarsia's claims incredible. As Tarsia argues, there is no indication that the ALJ considered Tarsia's extensive work history in making this finding, even though "[a] claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983).

On this basis, we **VACATE** the judgment and **REMAND** to the District Court. On remand, the District Court should remand the proceeding to the Commissioner with instructions to direct Dr. Manley, or another state agency medical consultant, to review and address all of the information in Tarsia's file in formulating his or her revised Residual Functional Capacity Assessment. The Commissioner remains free to direct such further medical examination and analysis as may be appropriate. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record.").

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk