12-1702-cv
*McKinstry v. Soc. Sec. Admin.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand thirteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           JOSÉ A. CABRANES,
>           RICHARD C. WESLEY,
>                   *Circuit Judges.*

_____

 DAVID J. MCKINSTRY,

        *Plaintiff-Appellant,*

                v.                                          No. 12-1702-cv

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER
MICHAEL J. ASTRUE,

        *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ANTHONY B. LAMB (Kathleen Donahue, *on the brief*), Law Office of Anthony B. Lamb, Williston, VT. |
| **FOR DEFENDANT-APPELLEE:** | SUSAN D. BELLER, Assistant United States Attorney (Carol L. Shea, Assistant United States Attorney, *on the brief*), *for* Tristram J. Coffin, United States Attorney, United States Attorney's Office for the District of Vermont. |

Appeal from a February 23, 2012 Opinion and Order of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's February 23, 2012 Opinion and Order is **AFFIRMED**.

David McKinstry appeals from a February 23, 2012 Opinion and Order of the District Court adopting in part Magistrate Judge John M. Conroy's Report and Recommendation and affirming the final determination of the Commissioner of Social Security (the "Commissioner") that McKinstry was ineligible for disability insurance benefits under the Social Security Act. The Commissioner's final determination was based on a finding by an Administrative Law Judge ("ALJ") that McKinstry was not disabled and had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

## DISCUSSION

"When a district court has reviewed a determination of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and alteration omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted).

Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Social Security Administration Commission created a five-step sequential evaluation process. 20 C.F.R. § 404.1520. To qualify for benefits, McKinstry must have been disabled within the meaning of the Social Security Act between the alleged onset date (August 20, 2003) through the date of last insured (June 30, 2006). *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

On appeal, McKinstry contends that the Commissioner's final determination should be reversed because the ALJ erred by: (1) failing to discuss the June 2010 opinion of Rick Dooley, a physician's assistant; and (2) concluding that McKinstry's testimony regarding his physical limitations was not credible.

After a review of the record, we are convinced that any alleged error caused by the ALJ's failure to discuss Dooley's June 2010 opinion was harmless substantially for the reasons outlined in the District Court's careful and comprehensive Opinion and Order. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding harmless error existed where there was "no reasonable likelihood that [the ALJ's] consideration of the same doctor's 2002 report would have changed the ALJ's determination that Petitioner was not disabled during the closed period").

We are also not persuaded by McKinstry's argument that the ALJ lacked substantial evidence to conclude that his testimony regarding his physical limitations was not credible. *See Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) ("It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.") (second alteration in original) (internal quotation marks omitted). Much of McKinstry's testimony before the ALJ on June 21, 2010 was phrased in the present tense—and thus described his limitations outside of the relevant period. *See, e.g.*, JA 45, 47, 49. Moreover, McKinstry does not challenge the ALJ's reliance on his activities, medical treatment history, and continued work activities during the relevant period, which were inconsistent with much of his testimony before the ALJ. *See Carvey v. Astrue*, 380 F. App'x 50, 53-54 (2d Cir. 2010). On this record, we identify no error with the ALJ's credibility findings or the reliance of the Commissioner and the District Court on those findings.

## CONCLUSION

We have considered all of McKinstry's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the District Court's February 23, 2012 Opinion and Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3