14-3712-cv
*Cudworth v. Colvin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

MELISSA CUDWORTH, on behalf of her minor child, K.D.,

    *Plaintiff-Appellant,*

                    v.                                    No. 14-3712-cv

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**    MARK A. SCHNEIDER, Plattsburgh, NY.

**FOR DEFENDANT-APPELLEE:**    ELIZABETH D. ROTHSTEIN, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Melissa Cudworth, on behalf of her minor child K.D., appeals from the District Court's September 29, 2014 judgment affirming the Commissioner of Social Security's denial of her claim for supplemental security income. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (internal quotation marks omitted). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

Upon review of the record and relevant law, we conclude that the Commissioner properly denied plaintiff's claim for supplemental security income, substantially for the reasons stated in the thorough and well-reasoned March 23, 2012 decision of the Administrative Law Judge ("ALJ"). Substantial evidence in the record supports the ALJ's finding that K.D. has less than "marked" limitations in the functional equivalence domains of acquiring and using information and health and physical well-being. *See generally* 20 C.F.R. § 416.926a(b)(1) (listing six domains of functioning); *id.* § 416.926a(e)(2) (defining "marked" limitation). Substantial evidence also supports the ALJ's finding that K.D. has no limitation in the remaining domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for herself.

Furthermore, we discern no legal error in, and substantial evidence supports, the ALJ's assessment of K.D.'s mother's credibility and weighing of K.D.'s treating and consulting physicians' opinions. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("[T]he opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."); *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) ("It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." (second alteration in original; internal quotation marks omitted)).

Accordingly, in view of the record of the whole, substantial evidence supports the Commissioner's determinations that K.D does not have "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain" and that, as a result, she is not disabled for purposes of the Social Security Act. 20 C.F.R. § 416.926a(a); *see also* 20 C.F.R. § 416.924(d).

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 29, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3