18-3527-cv
*Meyer v. Commissioner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

Present:
>       PIERRE N. LEVAL,
>       DEBRA ANN LIVINGSTON,
>       JOSEPH F. BIANCO,
>               *Circuit Judges*,

_____

PAUL MEYER,

                    *Plaintiff-Appellant*,

            v.                                            18-3527-cv

COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:         RALPH M. KIRK, Law Offices of Ralph M. Kirk, Kingston, New York

For Defendant-Appellee:          AMANDA F. PARSELS, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney *on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Netburn, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Paul Meyer appeals from the September 28, 2018, judgment of the United States District Court for the Southern District of New York (Netburn, *M.J.*), affirming an Administrative Law Judge's ("ALJ") January 29, 2016 denial of Meyer's application for Social Security disability insurance benefits after concluding that Meyer was not disabled   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied."   *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).   Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).   "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion."   *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted).   We "may only set aside a determination which is based upon legal error or not supported by substantial evidence."   *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g).

Meyer raises three arguments on appeal.   First, he argues that the ALJ's determination that Meyer's Residual Functional Capacity ("RFC") for the period at issue permitted him to engage in sedentary work without a sitting limitation is not supported by substantial evidence.   Second,

2

he asserts that the ALJ failed to correctly apply the treating physician rule. Third, Meyer argues that the ALJ's adverse credibility finding is not supported by substantial evidence.

**A. Physical RFC Finding**

Meyer contends that the ALJ rendered an incomplete RFC assessment by declining to include Meyer's sitting limitations.[1] For the following reasons, we disagree.

The ALJ found that Meyer had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), "except he can occasionally push/pull, stoop, crouch, climb stairs, but cannot climb ladders/ropes/scaffolds or operate motor vehicles." A.R. at 17.

First, medical evidence, including testing and clinical exam findings, supported the ALJ's RFC finding. Both a consultative examiner and two independent medical examiners found that Meyer could engage in sedentary work, with some limitations. *See id.* at 23–28. To the extent the ALJ did not include all of these limitations in the RFC finding, the ALJ was permitted to do so. *See Veino v. Barnhart*, 312 F.3d 578, 588–89 (2d Cir. 2002) (upholding an ALJ's refusal to credit all of the findings of a consultative examiner because "it was within the province of the ALJ to resolve [conflicting record] evidence in the way she did"). The medical evidence also discloses that Meyer experienced substantial improvement following surgery in 2013. Despite a subsequent diagnosis for post-laminectomy syndrome, and continuing treatment for pain, Meyer's surgeon believed the back pain was manageable and more indicative of "strain" or "arthritis" than total impairment. A.R. at 729–30. Clinical examinations following Meyer's surgery and physical examinations conducted after Meyer's alleged onset date showed that, while he suffered from some physical restrictions due to his condition, those restrictions (including decreased range

---

[1] To the extent this argument is based on the ALJ granting less-than-controlling weight to the opinions of Meyer's treating physician, it is dealt with in Section B below.

of motion and positive straight leg raising) were nonetheless consistent with a finding that he could perform sedentary work. *See id.* at 19–23. The ALJ's RFC finding was thus consistent with the medical evidence in the record.

Second, Meyer's own testimony also supported the ALJ's conclusion that Meyer retained the ability to perform sedentary work with some limitations. Meyer was able to do household chores, walk over a mile, do stretching exercises, lift small weights, and sit as a passenger for a car trip between New York and Virginia. *Id.* at 23. Thus, Meyer's own testimonial evidence was consistent with the ALJ's RFC finding that he could perform sedentary work with some limitations.

Taken together, the medical evidence and Meyer's capacity for activity provide substantial evidence for the ALJ's RFC finding.

**B. The Treating Physician Rule**

Meyer next argues that the ALJ failed to correctly apply the treating physician rule and that the ALJ was required to give controlling weight to the opinions of Meyer's treating physician, Dr. Perri, regarding Meyer's disability. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id.* at 95–96 (citation omitted). A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id.* at 96.

4

Although the ALJ's written findings are silent on whether Dr. Perri was a specialist,[2] the ALJ nonetheless gave good reasons for assigning Dr. Perri's opinions "little weight." *Id.* With respect to factors one and two, the ALJ discussed Dr. Perri's history with Meyer and Dr. Perri's treatment records in detail. The ALJ reasonably determined that Dr. Perri's opinions were entitled to less weight in light of Dr. Perri's heavy reliance on Meyer's self-reported well-being and the circumstance that Dr. Perri's evaluations did not appear to reflect Meyer's symptomatic improvement. *Id.* at 24–25. As to the consistency of these opinions with the remaining evidence, factor three, the contrary medical evidence and Meyer's self-reported capacity for activity (noted in Section A above) were inconsistent with Dr. Perri's findings and provided good reason to assign Dr. Perri's evaluations little weight. *Id.*

**C. Credibility Findings**

Meyer's third argument is that the ALJ's adverse credibility finding regarding Meyer is not supported by substantial evidence. "It is the function of the Secretary, not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Sec'y, Dep't of Health & Human Servs. of the United States*, 728 F.2d 588, 591 (2d Cir. 1984) (alteration in original) (internal quotation marks omitted). "If the Secretary's findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." *Id.* (internal citations omitted). Thus, where substantial evidence supports it, "an ALJ's credibility determination is generally entitled to deference on appeal." *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013). The ALJ found Meyer not "wholly credible." A.R. at 23.

---

[2] The ALJ did mention Dr. Perri's specialty at the hearing.

The ALJ's credibility determination merits deference. First, as above, the ALJ found that Meyer's activities were inconsistent with his claim of disabling back pain. *Id.* The ALJ noted Meyer's ability to walk a mile, perform yoga-like exercises with low weights, perform household chores, go shopping, attend doctor's appointments, and travel a significant distance by car, and reasonably determined that these activities were inconsistent with a claim of disabling back pain. *Id.* Second, the ALJ found significant that the course of treatment pursued by Meyer after receiving steroidal injections had been fundamentally "routine and/or conservative in nature." *Id*. Additionally, the ALJ noted that the claimant showed no evidence of debilitating symptoms during the hearing, while at the same time cautioning that the hearing was "short-lived and cannot be considered a conclusive indicator" and so afforded this factor only "some slight weight." *Id*. at 24. Finally, the ALJ looked to his evaluation of the medical evidence discussed above as bolstering his finding that Meyer was not "wholly credible." *Id.* at 23. Given these findings and mindful that "an ALJ's credibility determination is generally entitled to deference on appeal," *Selian*, 708 F.3d at 420, the ALJ's credibility determination here was entitled to deference.

* * *

We have considered Meyer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6