10-3388-cv
Whitfield v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> ROBERT A. KATZMANN,
>> *Circuit Judge*,
> JOHN F. KEENAN,
>> *District Judge.*[*]

_____

MICHAEL A. WHITFIELD,

>*Plaintiff-Appellant*,

> v.                                                                      10-3388-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

>*Defendant-Appellee.*[**]

_____

_____

[*]Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

[**]The Clerk of the Court is directed to amend the official caption as noted.

For Plaintiff-Appellant:     Michael A. Whitfield, *pro se*, Rochester, N.Y.

For Defendant-Appellee:     Susan Reiss, Assistant Regional Counsel (MaryAnn Sloan, Acting Regional Chief Counsel, Region II), Office of the General Counsel, Social Security Administration, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Michael A. Whitfield, *pro se*, appeals the district court's judgment granting defendant's motion for judgment on the pleadings and affirming the determination of an Administrative Law Judge ("ALJ") that Whitfield was not disabled and therefore ineligible for disability insurance benefits under the Social Security Act (the "Act"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"In reviewing the denial of Social Security benefits by the Commissioner, our focus is not so much on the district court's ruling as it is on the administrative ruling." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks and brackets omitted). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "we set aside an ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa*, 168 F.3d at 77 (internal quotation marks and brackets omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37 (internal quotation marks omitted). "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the

2

record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied. We may not properly affirm an administrative action on grounds different from those considered by the agency." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citation omitted).

After an independent and *de novo* review of the record consistent with these principles, we affirm the district court's judgment. The record provides substantial evidence to support the ALJ's determination that Whitfield was not disabled within the meaning of the Act. As the district court correctly determined, the ALJ did not selectively summarize the medical evidence, but rather carefully considered the conclusions of each of Whitfield's physicians. Furthermore, the ALJ's assessment of Whitfield's credibility was properly based on inconsistencies between his subjective complaints and the substantial evidence in the record. *See Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591-92 (2d Cir. 1984) (upholding the ALJ's decision to credit the data and conclusions in the record and discount plaintiff's complaints of disabling pain).

Although Whitfield argues that the ALJ demonstrated bias and denied him a fair hearing, nothing in the record suggests that the ALJ's decision was a product of any bias. *See Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 119-20 (2d Cir. 1999) (explaining that, in order to show that an ALJ's bias resulted in the denial of a fair hearing, a claimant must show that the ALJ exhibited a "deep-seated favoritism or antagonism that would make a fair judgment impossible") (alteration omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3