16-896-cv
Brogan v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.

------------------------------------------------------------------------

PATRICK J. BROGAN,

                      *Plaintiff-Appellant*,


          v.                                  No. 16-896-cv


COMMISSIONER OF SOCIAL SECURITY,

                      *Defendant-Appellee*.

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      Patrick J. Brogan, *pro se*, Baldwinsville, New York.


FOR DEFENDANT-APPELLEE:      Sergei Aden, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Patrick J. Brogan, proceeding *pro se*, appeals from affirmance of the Commissioner of Social Security's ("Commissioner") 2014 denial of his application for disability benefits. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its thorough and reasoned opinion. *See Brogan v. Comm'r of Soc. Sec.*, No. 5:14-CV-01016 (MAD), 2016 WL 843375 (N.D.N.Y. Mar. 1, 2016).

In considering whether the Commissioner was entitled to judgment on the pleadings, we review the administrative record *de novo* to determine if there is substantial evidence to support the Commissioner's decision and if the correct legal standards were applied. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). We have recognized "substantial evidence" to be "more than a mere scintilla," and defined it as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). "The substantial evidence standard means once an [Administrative Law Judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder

2

would have to conclude otherwise." *Brault v. Soc. Sec. Admin.*, 683 F.3d at 448 (internal quotation marks omitted).

A review of the record and relevant case law shows that the ALJ applied the correct legal standards and that substantial evidence supports his determination that Brogan, although suffering from various impairments that precluded him from performing his past work, was not disabled from performing light work with certain limitations. Medical experts, including some of Brogan's treating physicians, offered evidence supporting this conclusion and a vocational expert identified several light work jobs that existed within the national and local economies that Brogan could perform with the noted limitations.

In urging otherwise, Brogan renews his argument that the ALJ's post-hearing remarks critical of Brogan's counsel evince bias that infected his disability determination. Like the district court, we are not persuaded that those stray remarks—though ill-advised—manifest "'a deep-seated favoritism or antagonism that would make a fair judgment impossible.'" *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 119 (2d Cir. 1999) (alteration omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see Whitfield v. Astrue*, 476 F. App'x 408, 409 (2d Cir. 2012) (applying standard to Social Security disability determinations). Indeed, the ALJ's thorough review of the record in light of the applicable law reflects fair and impartial decisionmaking. Nor did the ALJ at the hearing err by denying a display of Brogan's

3

abdomen or faulting the form of his counsel's questions to the vocational expert. Presentation and reception of evidence is left to the ALJ's broad discretion, *see* 20 C.F.R. § 404.950(c), and neither decision prejudiced Brogan. The ALJ reviewed and credited medical evidence of Brogan's abdominal pain, *see* ROA 20, 429, 434, and Brogan's counsel was not precluded from rephrasing the question at issue, *see* ROA 70–71.

We have considered all of Brogan's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4