12-1557-cv
*Glen Alan Sweet v. Michael J. Astrue*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*
> JESSE M. FURMAN,
> > *District Judge.*[*]

---

GLEN ALAN SWEET,

> *Plaintiff-Appellant*,

> v.                                                No. 12-1557-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*,

---

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**                      JAYA SHURTLIFF, Law Offices of Kenneth Hiller, Amherst, NY.

**FOR DEFENDANTS-APPELLEES:**                   ROBERT R. SCHRIVER, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel–Region II, Office of the General Counsel, Social Security Administration, *on the brief*) *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's March 28, 2012 Decision and Order is **AFFIRMED**.

Glen Alan Sweet appeals from the District Court's dismissal of his complaint, which seeks review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner previously had denied his application for disability insurance benefits. We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

This Court reviews *de novo* orders granting motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When reviewing determinations made by the Commissioner, this Court conducts a "plenary review of the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citations omitted). This Court may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See, e.g.*, *id.* at 127.

2

Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Social Security Administration Commission created a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The analysis proceeds as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir. 1983). The claimant bears the burden of proving the first four elements, and, with regard to the fifth element, there is a limited burden shift to the Commissioner only to show "that there is work in the national economy that the claimant can do . . . ." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (citing 20 C.F.R. § 404.1560(c)(2)).

Having conducted a plenary review of the administrative record, we conclude that the Commissioner's decision was supported by substantial evidence in the record, and we affirm the judgment of the District Court substantially for the reasons stated in its well-reasoned decision. In affirming the District Court's judgment, we note that because this Court generally does not

review arguments raised for the first time on appeal, *see Poupore*, 566 F.3d at 306 ("[A]t least where the claimant is represented by counsel before the district court, the claimant must present [his or her] relevant legal arguments in that forum in order to preserve them for appellate review."), we only consider Sweet's arguments raised below, including that: (1) the Administrative Law Judge's (ALJ) residual functional capacity ("RFC") assessment is not supported by substantial evidence; and (2) the ALJ erred in assessing Sweet's credibility.[1] Upon review, there was substantial medical evidence in the record that supported the ALJ's determination that Sweet retained the capacity to perform "medium work," *see* 20 C.F.R. 404.1567(c) and 416.967(c), including Dr. Toor's assessment of Sweet's physical limitations and the psychiatric opinions of Dr. Ryan and Dr. Mohan. Similarly, we find that the ALJ did not err in his credibility determinations of Sweet's testimony, because his determination was supported by substantial evidence in the record as a whole. *See, e.g.*, *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) ("[T]here was substantial evidence in the record as a whole to support the Secretary's determination that [claimant] was not disabled by reason of her physical impairments or pain.").

## CONCLUSION

We have considered all of Sweet's arguments on appeal and find them to be without merit. Accordingly, the District Court's March 28, 2012 Order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The bar to raising new issues on appeal "may be overcome only when necessary to avoid manifest injustice." *See Ridinger v. Dow Jones & Co., Inc.*, 651 F.3d 309, 317 (2d Cir. 2011) (internal quotation marks omitted). We see no potential for manifest injustice here.

4