13-3138-cv
Reynolds v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges*.

-----------------------------------------------------------------------
GERALD REYNOLDS, as husband of Niki Reynolds,
*Plaintiff-Appellant*,

v.                                                  No. 13-3138-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, in place of Michael Astrue,
*Defendant-Appellee.**
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:          JAYA A. SHURTLIFF, Stanley Law Offices, Syracuse, New York.

APPEARING FOR APPELLEE:           ELIZABETH D. ROTHSTEIN (Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security

---

* The Clerk of Court is directed to amend the official caption as shown above.

Administration, New York, New York, *on the brief*), Special Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 18, 2013, is AFFIRMED.

Plaintiff Gerald Reynolds, husband of deceased claimant Niki Reynolds, challenges the affirmance of the Commissioner of Social Security's denial of disability benefits to his wife. We review the administrative record de novo, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alteration omitted). A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits. See Talavera v. Astrue, 697 F.3d 145, 153 (2d Cir. 2012). In applying these standards here, we assume the parties' familiarity with the facts and record of prior

2

proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Consideration of All Severe Impairments

Reynolds contends that the agency erred at step two of the disability analysis, see 20 C.F.R. § 404.1520, in finding that between June 21, 2001, and June 30, 2006, the period at issue, claimant was severely impaired by cancer, but not by neck and back pain.   Reynolds submits that, insofar as the agency conclusion rests on a finding that his wife failed to complain of, or seek treatment for, serious neck and back pain until 2010, that finding is belied by (1) a 1989 cervical spine MRI showing some spinal herniation; (2) an orthopedist's office note dated June 3, 1991, describing lumbar tenderness; and (3) a February 25, 2002 MRI showing protrusion of some spinal discs.   We are not persuaded that these materials command the weight urged by Reynolds.

As the Administrative Law Judge ("ALJ") observed, the 1989 cervical spine MRI and June 3, 1991 office note were generated more than a decade prior to the relevant period.   Moreover, it is undisputed that in the interim, claimant worked at substantial gainful activity, a circumstance making it difficult to infer severe impairment from the earlier records.   See generally 20 C.F.R. § 404.1520(a)(4)(i) (stating that claimant will not be found disabled if she is "doing substantial gainful activity").

As for the 2002 MRI, the record indicates it was taken to determine whether claimant's cancer had spread, not to address any complaints of back or neck pain. Although the MRI revealed two disc protrusions, neither claimant nor her physician

3

appears to have pursued the matter.

For these reasons, as well as those stated by the district court, see Reynolds v. Colvin, No. 3:12-cv-850 (GLS), 2013 WL 3099029, at *6 (N.D.N.Y. June 18, 2013), we conclude that substantial evidence supports the agency determination that claimant did not carry her burden of demonstrating a severe neck and back impairment.

2.      Residual Functional Capacity

Reynolds also argues that the agency's residual functional capacity ("RFC") determination at step four of the disability analysis is not supported by substantial evidence in light of the 2011 opinions of treating physicians Heister and Bennett that claimant was disabled from performing even sedentary work during the relevant period.[1]

"[W]hile a treating physician's retrospective diagnosis is not conclusive, it is entitled to controlling weight unless it is contradicted by other medical evidence or overwhelmingly compelling non-medical evidence." Byam v. Barnhart, 336 F.3d 172, 183 (2d Cir. 2003) (internal quotation marks omitted); see Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996) ("A treating physician's retrospective medical assessment of a patient may be probative when based upon clinically acceptable diagnostic techniques."). If the ALJ chooses not to afford such an opinion controlling weight, then the ALJ must consider the

---

[1] The ALJ concluded that in the period 2001–2006, claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently, as well as sit for six hours and stand and/or walk for six hours in an eight hour work day. Claimant could only reach over her head occasionally, but could reach in all other directions. While this left her with less than the full range of functions necessary for light work, it indicated her ability to perform sedentary work.

4

following factors in deciding what weight to assign it: (1) examining relationship; (2) treatment relationship, including its length, nature and extent; (3) supportability with medical evidence; (4) consistency with the record as a whole; (5) specialization of the examiner; and (6) other factors. See 20 C.F.R. § 404.1527(c)(1)–(6).

Here, the ALJ accorded little weight to the opinions of Drs. Heister and Bennett as to claimant's limitations prior to 2006 because (1) neither doctor treated claimant until 2010, and (2) record medical evidence contradicted or failed to support their retrospective opinions. Largely for the reasons identified by the district court, see Reynolds v. Colvin, 2013 WL 3099029, at *2–4, we conclude that substantial evidence supports this agency assessment.

Reynolds nevertheless maintains that the agency erred in failing to contact the treating physicians pursuant to 20 C.F.R. § 404.1512(e) to request that they supplement their opinions. Because Reynolds failed to raise this argument in the district court, it is not preserved for appellate review. See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) ("Although claimants in Social Security cases are not subject to some issue exhaustion requirements, at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review." (internal citation omitted)). In any event, the argument is unavailing because the doctors' reports do not manifest conflict, ambiguity, incompleteness, or deviation from medically acceptable techniques that would have

5

triggered the then-operative re-contact requirement.  Compare 20 C.F.R. § 404.1512(e) (effective June 13, 2011 to March 25, 2012) (requiring re-contact) with 20 C.F.R. § 404.1512 (effective March 26, 2012) (rescinding re-contact requirement); see also Perez v. Chater, 77 F.3d at 48 (declining to require ALJ to seek additional information from treating physicians where what would be sought were retrospective assessments).

Accordingly, we conclude that the challenged RFC is sufficiently supported by substantial evidence.

3.      Credibility

Reynolds argues that the ALJ's adverse assessment of claimant's credibility lacks a sufficient rationale.  Because it is the function of the agency, not reviewing courts, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant," we will defer to its determinations as long as they are supported by substantial evidence.  Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (internal quotation marks omitted); accord Selian v. Astrue, 708 F.3d at 420.

Here, the decision not to credit claimant's assertions of debilitating neck and back pain between 2001 and 2006 finds support in her failure to complain of, manifest, or seek treatment for such intense pain before 2010.[2]   While Reynolds attributes the failure to seek treatment to a lack of insurance, that does not alter the fact that the contemporaneous notes of physicians claimant did see during the relevant period indicate that she did not complain

---

[2]  Indeed, claimant denied any musculoskeletal symptoms and walked "with a normal and smooth gait" during a medical evaluation as late as February 19, 2010.   J.A. 233–34.

of severe neck or back pain. Moreover, while claimant testified that her back pain had been constantly debilitating from 2006 onward, physician notes indicate that she reported worsening pain years later in 2010 and 2011. This evidence, together with the lack of any contemporaneous medical evidence corroborating claimant's account of debilitating neck and back pain dating to at least 2006, provided the requisite substantial support for an adverse credibility determination.

4.     Conclusion

We have considered Reynolds's remaining arguments and conclude that they are without merit. Therefore, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7