Monette v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

TYLER MONETTE,
         Plaintiff-Appellant,

         -v.-                                    15-3399

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          MARK SCHNEIDER, Schneider &
                        Palcsik, Plattsburgh, New York.

FOR APPELLEE:           REBECCA H. ESTELLE, Special
                        Assistant United States Attorney
                        (Stephen P. Conte, Regional
                        Chief Counsel, on the brief),

1

Office of the General Counsel, Region II, Social Security Administration, New York, New York, <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Peebles, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Tyler Monette appeals from the judgment of the United States District Court for the Northern District of New York (Peebles, <u>M.J.</u>), dismissing Monette's complaint challenging the denial of disability insurance benefits under Title II of the Social Security Act (the "Act").[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When considering a denial of disability benefits, we conduct a plenary review of the administrative record, and "focus on the administrative ruling rather than the district court's opinion." <u>Moran v. Astrue</u>, 569 F.3d 108, 112 (2d Cir. 2009). We must uphold the denial if "there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." <u>Burgess v. Astrue</u>, 537 F.3d 117, 128 (2d Cir. 2008); <u>see</u> 42 U.S.C. § 405(g). "Substantial evidence is evidence that amounts to more than a mere scintilla, and has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>McIntyre v. Colvin</u>, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted).

**1.** The Appeals Council denied Monette's request for review five days after the request was received. Monette argues that the quick decision deprived him of due process and of the right to submit new evidence. The due process argument fails because speed does not indicate inadequate

---

[1] Monette alleged an onset date of February 6, 2013, and was required to establish disability on or before September 30, 2014, the date he was last insured.

review, see 20 C.F.R. § 404.967, and Monette's request for review was expedited because he is a veteran with a service-related impairment.

Nor was Monette unfairly denied the right to submit new evidence. The Agency review request form stated clearly that any additional evidence or a written request for an extension of time to submit such evidence must be submitted along with the request for review. R. 8; see also 20 C.F.R. § 404.968(a), (b). Having failed to submit either, Monette cannot demonstrate unfairness.[2]

In any event, as the district court correctly concluded, Monette has failed to demonstrate that such new evidence as he has now adduced is material. See 42 U.S.C. § 405(g); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).[3]

**2.** Monette argues that the Administrative Law Judge ("ALJ") committed legal error by attributing more weight to the opinion of the consulting psychologist than to the opinion of his treating nurse practitioner.

This argument fails because, under the regulations, a nurse practitioner is not an "acceptable medical source" whose opinion is eligible for "controlling weight." 20 C.F.R. § 404.1513(a), (d)(1); id. § 404.1527(a)(2), (c); see SSR 06-03p, 2006 WL 2329939, at *1-2 (Aug. 9, 2006). The nurse practitioner's opinion was nevertheless considered,

---

[2] Monette's letter brief to the Appeals Council cannot reasonably be construed as a request for an extension of time. It merely suggests that *if* additional records are received, they will be forwarded to the Appeals Council. See R. 7.

[3] Most such evidence post-dates Monette's last-insured date. Insofar as the Department of Veterans Affairs retroactively increased his disability rating from 30% to 70%, that determination did not find that Monette had total occupational and social impairment, see S.A. 58, and, in any event, would be of limited relevance before the Agency, since different rules and standards govern. See Cutler v. Weinberger, 516 F.2d 1282, 1286 (2d Cir. 1975); see also 20 C.F.R. § 404.1504; SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006).

not overlooked, cf. Kohler v. Astrue, 546 F.3d 260, 268-69 (2d Cir. 2008); and the weight attributed to it was supported by the applicable regulatory factors. See 20 C.F.R. § 404.1527(c); SSR 06-03p, 2006 WL 2329939, at *4-5.

The greater weight accorded by the ALJ to the opinion of the consultative psychologist is also consistent with the record at large and the applicable regulations. See 20 C.F.R. § 404.1527(c); see also Diaz v. Shalala, 59 F.3d 307, 313 n.5 (2d Cir. 1995); Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (per curiam).[4]

Monette conclusorily faults the ALJ for not giving more weight to reports of various other treating sources. We identify no error because the ALJ in fact deemed probative, and incorporated into his findings, medical reports and opinions by Monette's various treating therapists and physicians at the Department of Veterans Affairs ("VA") and Behavioral Health Services North; and Monette does not identify which source or opinion was purportedly given insufficient consideration. See Br. of Appellant 45-53.

**3.** Monette argues that the ALJ failed to provide a sufficient explanation for finding him "not entirely credible." R. 19. Credibility is a matter committed to the sound discretion of the ALJ, and we will not identify error so long as the finding is supported by substantial evidence (which it is here). See Aponte v. Sec'y, Dep't of HHS, 728 F.2d 588, 591 (2d Cir. 1984).

Monette's discredited testimony regarding the intensity, persistence and limiting effects of his symptoms was undermined by: (1) his own statements at a recent VA examination; (2) Dr. Melcher's opinion; and (3) Monette's failure to stop smoking marijuana to permit more effective treatment of his impairments with other medication (as urged by his treating psychiatrist). The ALJ also considered Monette's daily activities, the effectiveness and side effects of medication, and frequency of suicidal gesture. The ALJ therefore considered the factors enumerated in, and provided "specific reasons" for the credibility finding as

---

[4] Monette does not challenge the weight the ALJ assigned to the opinion of the consultative internal medicine physician. See R. 19. We therefore have no reason to review that determination.

4

required by, SSR 96-7p, 1996 WL 374186, at *2, *4 (July 2, 1996).[5]

**4.** Finally, substantial evidence supports both (1) the ALJ's finding that Monette's impairments did not meet or equal the criteria of listed impairments at step three of the evaluation process, and (2) the ALJ's assessment of Monette's residual functional capacity ("RFC"), used in steps four and five of the process. See 20 C.F.R. § 404.1520; see also R. 155-59, 179, 228-33, 262, 264-65, 267, 279-80, 311, 318, 319, 320-21, 329.

Monette's arguments to the contrary are unavailing. The ALJ credited Monette's providers' diagnoses, and found their severity to satisfy step two of the evaluative framework. But these diagnoses do not indicate any particular level of severity, and do not resolve the issue of Monette's RFC. See 20 C.F.R. § 404.1520; see also Williams ex rel. Williams v. Brown, 859 F.2d 255, 259 (2d Cir. 1988). The statement by Monette's social worker on this point was not from an "acceptable medical source" and, in any event, was so lacking in detail as to be minimally probative.

Nor are the ALJ's findings undermined by the record Global Assessment of Functioning ("GAF") scores. Monette's GAF scores were as high as 55 and 65 during the relevant time period, which reflected (respectively) "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning"; and "some mild symptoms" or "some difficulty in social, occupational, or school functioning . . . but generally functioning pretty well . . . ." DSM-IV 32, 34; see R. 232, 267-68.

---

[5] The ALJ did not err in failing to apply 20 C.F.R. §§ 404.1530 and 404.1535(a) to Monette's substance abuse, as those regulations apply only after a finding of disability to determine whether benefits are available. Nor does the record support Monette's contention that the ALJ "conflated" the issue of his credibility with issues relevant to these regulations. Br. of Appellant 41.

For the foregoing reasons, and finding no merit in Monette's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK